USCA1 Opinion

 

 United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 93-2066 CUMBERLAND FARMS, INC., Plaintiff, Appellant, v. JOHN LAFAVER, ET AL., Defendants, Appellees, ____________________ BOSTON MILK PRODUCERS, INC., WAYNE HAPSWORTH, PRISCILLA ROWBOTHAM, AGRI-MARK, INC., HAROLD LARRABEE AND ADRIAN WADSWORTH, Intervenors, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. D. Brock Hornby, U.S. District Judge] ___________________ ____________________ Before Selya, Boudin, and Stahl, Circuit Judges. ______________ ____________________ Joel C. Martin, James B. Haddow, Petruccelli & Martin, and ________________ _________________ _____________________ Sheldon A. Weiss on brief for appellant. ________________ Janet M. McClintock, Assistant Attorney General, Michael E. _____________________ ___________ Carpenter, Attorney General, and Cabanne Howard, First Assistant _________ ______________ Attorney General on brief for appellees. Jerrol A. Crouter, Richard A. Spencer, Drummond Woodsum Plimpton _________________ __________________ __________________________ & MacMahon on brief for Boston Milk Producers, Inc., Wayne Hapsworth, ___________ Priscilla Rowbotham, Agri-Mark, Inc., Harold Larrabee and Adrian Wadsworth. ____________________ August 24, 1994 ____________________ Per curiam. The Maine Dairy Farm Stabilization Per curiam ___________ Act, 36 Me. Rev. Stat. Ann. tit. 36, 4541-4547 (West Supp. 1993), imposes a tax on all packaged fluid milk sold in Maine irrespective of the origin of the milk, but only Maine dairy farmers are eligible for what amounts to a rebate from the Maine Dairy Farm Stabilization Fund. Cumberland Farms, which sells to Maine consumers milk produced by out-of-state dairy farmers, filed suit against various Maine officials, alleging that the tax-and-rebate scheme violates the restrictions on state power inherent in the Commerce Clause. The district court denied Cumberland Farms' motion for summary judgment and granted that of the defendants, using the following reasoning as the linchpin of its analysis: "It is true that the proceeds [of the tax] are . . . used to benefit Maine milk producers, but current precedents permit this kind of economic protectionism." See Cumberland Farms, Inc. v. ___ _______________________ LaFaver, 834 F. Supp. 27, 32 (D. Me. 1993). _______ We believe that with the intervention of West Lynn _________ Creamery, Inc. v. Healy, 114 S. Ct. 2205 (1994), which struck ______________ _____ down a similarly discriminatory tax-and-rebate scheme imposed by Massachusetts, the reasoning of the district court is no longer tenable. Defendants argue that West Lynn is not __________ dispositive because the Massachusetts dairy tax was collected primarily from out-of-state milk sellers while the Maine tax is collected primarily from in-state milk sellers. The Court -2- 2 has rejected such quantitative distinctions in the past, see ___ New Energy Co. v. Limbach, 486 U.S. 269, 276-77 (1988) ________________ _______ ("Varying the strength of the bar against economic protectionism according to the size and number of in-state and out-of-state firms affected would serve no purpose except the creation of new uncertainties in an already complex field."), and we are compelled to do the same in this instance. Accordingly, we deny the parties' request for oral argument, reverse the decision of the district court, and remand the case with instructions to enter judgment in favor of the plaintiff and to conduct any necessary additional proceedings in a manner consistent with this opinion. So ordered. __________ -3- 3